UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOCUMENT SECURITY SYSTEMS, INC.,

                     Plaintiff,                    11-CV-6528 CJS

          -v-

COUPONS.COM, INC.,

                     Defendant.

---

APPEARANCES

For Plaintiff:              Mark A. Molloy, Esq.
                            Nixon Peabody LLP
                            40 Fountain Plaza, Suite 500
                            Buffalo, New York 14202

                            Colleen D. Holland,Esq.
                            Nixon Peabody LLP
                            1300 Clinton Square
                            Rochester, NY 14604

                            Mark D. Robins, Esq.
                            Nixon Peabody LLP
                            100 Summer Street
                            Boston, Massachusetts 02110

For Defendants:             Neil A. Goteiner, Esq.
                            Farella, Braun and Martel LLP
                            235 Montgomery Street
                            San Francisco, California 94014

INTRODUCTION

     This is an action asserting claims for breach of contract, misappropriation of trade

secrets, unfair competition and unjust enrichment.  Now before the Court is Defendant's

motion to dismiss the latter three claims, Plaintiff's cross-motion to amend the Complaint,

and Defendant's motion to strike a portion of Plaintiff's reply brief. Defendant's motion to dismiss is granted in part and denied in part, Plaintiff's motion to amend is granted, with clarification, and Defendant's motion to strike is denied.

BACKGROUND

Plaintiff is a New York corporation with its principal place of business in New York, while Defendant is a Delaware corporation with its principal place of business in California. Plaintiff provides "anti-counterfeiting, authentication and mass-serialization technologies" to other businesses. Complaint ¶ 6. Defendant produces store coupons. Between 2003 and 2008, Plaintiff provided Defendant with "safety paper" for printing coupons. In connection with this business arrangement, the parties signed a non-disclosure agreement ("NDA") in 2005. The NDA pertained to Plaintiff's disclosure to Defendant of "patented and unpatented technology and trade secrets  of DSS related to document printing security features." Complaint, Ex. B. The NDA stated that the confidential information was being provided to Defendant solely for Defendant's use in "evaluat[ing] a potential business relationship" involving the aforementioned technology and trade secrets, and would remain the property of Plaintiff. The NDA recited that it was the "entire understanding" between the parties as to confidential information. The NDA further stated that it would be governed  by the "applicable laws of the State of New York, excluding its conflict of law provisions."

In 2006, Plaintiff provided Defendant with samples of certain security technology, including "proprietary, secret 'Blockout' technology,' which, when placed onto an image, "render[s] a print-out of the image unable to be copied or scanned." Complaint ¶ ¶ 9-11. Defendant declined to purchase the Blockout technology. However, in August 2010, Plaintiff determined that Defendant was utilizing the same Blockout technology without Plaintiff's

permission. Plaintiff maintains that such unauthorized use was "intentional, willful, malicious and in bad faith." *Id*. at ¶ 20.

On October 24, 2011, Plaintiff commenced this action, alleging four separate causes of action: 1) breach of contract; 2) misappropriation of trade secrets; 3) unfair competition; and 4) unjust enrichment.  All four claims concern Defendant's alleged unauthorized use of the Blockout technology.  The breach of contract claim alleges that Defendant violated the NDA, which, the Complaint asserts,"is a valid and binding contract." Complaint ¶ 22.  The misappropriation claim alleges that there was a confidential relationship between the parties giving rise to a duty to maintain secrecy, which Defendant violated by using the Blockout technology without Plaintiff's consent.  The unfair competition claim alleges that a confidential relationship existed between the parties, and that Defendant made unauthorized use of the Blockout technology to exploit and profit from Plaintiff's commercial advantage. The unjust enrichment claim alleges that, by wrongfully using the Blockout technology, Defendant benefitted at Plaintiff's expense.

Defendant then filed the subject motion to dismiss the second, third and fourth causes of action for failure to state a claim.  Essentially, Defendant maintains that the alleged unauthorized disclosure and use of the Blockout technology is governed by the NDA, and that while Plaintiff may bring a claim for breach of contract,  he cannot, under the law of New York State, *see, Clark-Fitzpatrick, Inc. v. Long Island Railroad Co.*, 70 N.Y.2d 382, 388 (1987), maintain the unfair competition and misappropriation claims since they are merely duplicative of the breach of contract claim. *See*, Def. Memo of Law [#9] at p. 1 ("New York law is well settled that there can be no tort claims arising from an alleged breach of contract unless a plaintiff pleads an independent legal duty extraneous to the contract[, and

Plaintiff] has not pled any facts alleging that [Defendant] owed [Plaintiff] any duties beyond the alleged obligations specified in the 2005 NDA[.]").  Defendant similarly maintains that under New York law, a party cannot maintain a quasi-contractual claim for unjust enrichment where, as here, there is a valid and binding contract.

Plaintiff responds, first, that the trade secret misappropriation claim is governed by the law of California, not New York, and that under California law, such claim may be brought even though there is also a breach of contract claim. *See*, Pl. Memo of Law [#15] at p. 1-2 ("[U]nder California's version of the Uniform Trade Secrets Act (the 'UTSA'), causes of action for misappropriation of trade secrets and causes of action for breach of contract may co-exist regardless of whether they are based on the same nucleus of facts.").  Plaintiff further argues that even if New York law applies to the misappropriation claim, the claim can still be maintained, since Plaintiff is alleging that Defendant committed an independent tort, and is seeking different relief (punitive damages) under that claim than on the breach of contract claim.  Additionally, Plaintiff asserts that the unjust enrichment claim should be permitted to go forward as an alternative pleading, even though there was seemingly a contract, since Defendant may challenge the validity or applicability of the NDA.[1]

Alternatively, Plaintiff requests that, in the event that the Court finds that the Complaint is "too succinct," it be permitted to file an amended complaint solely as to the trade secret misappropriation claim. Pl. Memo of Law [#15] at pp. 2-3.  In this regard, Plaintiff has submitted a proposed amended pleading, which adds allegations that

---

[1]Plaintiff agreed at oral argument that the unfair competition claim is subject to dismissal.

Defendant willfully and maliciously misappropriated the subject technology, and which also adds a demand for exemplary damages.

On August 16, 2012, counsel for the parties appeared before the undersigned for oral argument.  At that time, Defendant's counsel reiterated that he is not opposing Plaintiff's motion to amend, although he intends to file a motion to dismiss at a later time.  On the other hand, Plaintiff's counsel indicated that Plaintiff has decided not to oppose the dismissal of the unfair competition claim.

DISCUSSION

Defendant has moved to dismiss under Rule 12(b)(6), and the applicable standard for such a motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).  When applying this standard, a district court must accept the allegations contained in the complaint as true and

5

draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192

F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

<u>Trade Secret Misappropriation Claim</u>

Since Defendant is not opposing Plaintiff's motion to amend the trade secret

misappropriation claim, the motion to dismiss that claim is moot.  Accordingly, the Court will

grant the motion to amend, and deny the motion to dismiss the misappropriation claim on

the grounds of mootness.

The Court clarifies, however, that such claim is governed by New York law.  In that

regard, Defendant had argued that, as originally pleaded, the misappropriation claim was

barred under New York law, but Plaintiff maintained that the claim was  governed by

California law, which permits both claims for breach of contract and misappropriation, arising

from the same facts.  The parties do not dispute that there is a conflict between the two

state's laws.

At the outset, the fact that the NDA contains a New York choice-of-law provision does

not necessarily determine which state's law applies to related torts.  As the Second Circuit

has explained,

> [u]nder New York law, a choice-of-law provision indicating that the contract will
> be governed by a certain body of law does not dispositively determine that law
> which will govern a claim of fraud arising incident to the contract.  Under New
> York law, in order for a choice-of-law provision to apply to claims for tort
> arising incident to the contract, the express language of the provision must be
> "sufficiently broad" as to encompass the entire relationship between the
> contracting parties.

*Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) (citations omitted).  In this case, the choice

of law provision is narrow, since it only pertains to the NDA: "*This Agreement* shall be

governed by the applicable laws of the State of New York, excluding its conflict of law provisions." (emphasis added).  Accordingly, the Court finds that the NDA's choice-of-law provision does not require the application of New York law to related tort claims. *See, Krock v. Lipsay*, 97 F.3d at 645 (Choice of law provision in mortgage, which stated only that it governed  the mortgage, was not broad enough to encompass a related fraud claim).

The Court must therefore conduct a choice of law analysis.  In that regard, "we employ the choice of law rules of the forum state, in this case, New York." *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 967 (2d Cir. 1997). "New York courts have adopted a flexible choice of law approach and seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute." *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 460 F.3d 281, 284-285 (2d Cir. 2006) (citations and internal quotation marks omitted).  This "interest analysis" varies depending upon whether the conflicting laws are "conduct-regulating" or "loss allocating":

> In tort-law disputes, interest analysis distinguishes between two sets of rules: conduct-regulating rules and loss-allocating rules.  Conduct-regulating rules are those that people use as a guide to governing their primary conduct, while loss allocating rules are laws that prohibit, assign, or limit liability after the tort occurs.

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 158 (2d Cir. 2012) (citations and internal quotation marks omitted).[2]

---

[2]"If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders. If post-event remedial rules, or loss-allocating rules, are at issue, other factors are taken into consideration, chiefly the parties' domiciles. *Brink's Ltd. v. South African Airways*,  93 F.3d 1022, 1031 (2d Cir. 1996) (citations omitted).

In this case, the conflicting laws pertain to Plaintiff's ability to bring certain claims arising from the tortious conduct, and therefore, the conflicting laws are loss-allocating rules.

> Where [as here] the conflict concerns a loss-allocating rule- one that prohibits, assigns, or limits liability after the tort occurs, rather than a conduct-regulating rule, the interest analysis is conducted with reference to the principles set forth in *Neumeier v. Kuehner*, 31 N.Y.2d 121, 127-29, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972).
>
> *Neumeier* sets forth three rules to guide the court's choice of the relevant interests at stake for choice of law analysis. The first applies when the parties share a domicile; the second applies when the parties are domiciled in different states and the law of each state is favorable to its respective litigant; and the third is applicable to all other split-domicile cases. *See Neumeier*, 31 N.Y.2d at 128, 335 N.Y.S.2d 64, 286 N.E.2d 454.

*Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. Schreiber*, 407 F.3d 34, 50 (2d Cir. 2005) (citations and internal quotation marks omitted).

Plaintiff is domiciled in New York, and Defendant is domiciled in California, but Plaintiff seeks the application of California's more favorable law, and accordingly, the third *Neumeier* rule applies.  Under the third *Neumeier* rule, "*the law of the place of the tort will apply*, unless displacing it will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." *Id*. (citation and internal quotation marks omitted).  Here, there has been no suggestion that the general rule should be displaced, therefore, the Court will look to the "place of the tort."  On that point, the Court finds that New York is the "locus" of the tort, since that it where Plaintiff's injury occurred. *Id*.; *see also, Gilbert v. Seton Hall University*,

332 F.3d 105, 109 (2d Cir. 2003) ("The third *Neumeier* rule directs a court to apply the law of the jurisdiction where the injury occurred[.]"); *Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189, 195 (1985) ("[W]hen the defendant's [tortious] conduct occurs in one jurisdiction and the plaintiff's injuries are suffered in another, the place of the wrong is considered to be the place where the last event necessary to make the actor liable occurred.  Thus, the locus in this case is determined by where the plaintiffs' injuries occurred.").  Therefore, the Court finds that New York's law applies to the misappropriation claim.  Plaintiff's motion to amend is granted insofar as it seeks to assert an amended trade secret misappropriation claim under the law of New York.

### *Unjust Enrichment*

"The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." *Diesel Props S.r.l. v. Greystone Business Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) (citation omitted).  Accordingly, "it is black-letter law in New York that recovery on an equitable theory of unjust enrichment is not permitted where the matter at issue is covered by a valid, enforceable contract." *Coty, Inc. v. L'Oreal S.A.*, 320 Fed.Appx. 5, 6-7, 2009 WL 835849 at *1 (2d Cir. Mar. 31, 2009) (citations omitted).

In the instant case, the Complaint alleges that the NDA is a valid and binding contract.  At oral argument, Defendant's counsel agreed with that assertion.  Nevertheless, Plaintiff maintains that, in addition to its claim for breach of contract, it ought to be able to plead an unjust enrichment claim, in the event that it is later shown that the NDA is not valid or enforceable.  The problem with that, however, is that neither the Complaint nor the

proposed Amended Complaint contains any factual allegations that would make an unjust enrichment claim plausible.  That is, there is no factual allegation suggesting that the NDA is not a valid and enforceable agreement governing the parties' business relationship. Rather, the only factual allegation on that point is to the contrary.  Accordingly, Plaintiff has not plausibly pleaded the absence of a contract, which is necessary for a claim for unjust enrichment, and Defendant's motion to dismiss the fourth cause must therefore be granted.

CONCLUSION

Defendant's motion to dismiss [#8] is granted as to third and fourth causes of action, for unfair competition and unjust enrichment, respectively, and is denied as to the second cause of action, for misappropriation of trade secrets.  Plaintiff's motion to amend [#14] the misappropriation claim is granted, and such claim may go forward as a claim under the law of New York State.  Defendant's motion [#23] to strike a portion of Plaintiff's reply brief is denied.  The Amended Complaint [#14-3] is now the operative pleading, although its third and fourth causes of action are stricken for the reasons discussed herein.  Presently, there are two claims in the action: breach of contract and misappropriation of trade secrets. Defendant is ordered to answer or otherwise move against the Amended Complaint within twenty (20) days of the date of this Decision and Order, unless the parties stipulate otherwise.

SO ORDERED.

Dated:      August 20, 2012
            Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge

10