UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOCUMENT SECURITY SYSTEMS, INC.,

                             Plaintiff,                   11-CV-6528 CJS

      -v-

COUPONS.COM, INC.,

                             Defendant.

_____

## APPEARANCES

For Plaintiff:                Paul F. Keneally, Esq.
                              Underberg & Kessler, LLP
                              300 Bausch & Lomb Place
                              Rochester, New York 14604

                              Timothy J. Haller, Esq.
                              Christopher J. Lee, Esq.
                              David J. Mahalek, Esq.
                              Robert A. Conley, Esq.
                              Joseph A. Culig, Esq.
                              Niro, Haller & Niro
                              181 W. Madison, Suite 4600
                              Chicago, Illinois 60602

For Defendants:            Neil A. Goteiner, Esq.
                              Farella, Braun and Martel LLP
                              235 Montgomery Street
                              San Francisco, California 94014

## INTRODUCTION

     This is an action asserting claims for breach of contract and misappropriation of trade secrets. Now before the Court is Defendant's motion (Docket No. [#30]) to dismiss the latter claim on the grounds that it is merely duplicative of the former claim, and therefore barred under the law of New York State. The application is granted.

BACKGROUND

Plaintiff is a New York corporation with its principal place of business in New York, while Defendant is a Delaware corporation with its principal place of business in California. Plaintiff provides "anti-counterfeiting, authentication and mass-serialization technologies" to other businesses. Amended Complaint [#14-3] ¶ 6. Defendant produces store coupons. Between 2003 and 2008, Plaintiff provided Defendant with "safety paper" for printing coupons. In connection with this business arrangement, the parties signed two non-disclosure agreements ("NDA"), one in 2003, and one in 2005. *Id*., Exs. A & B. The pertinent 2005 NDA indicated that Plaintiff was disclosing such confidential information to Defendant for the following purpose: "To evaluate a potential business relationship regarding patented and unpatented technology and trade secrets of [Plaintiff] related to document printing security features." *Id*., Ex. B. The NDA stated that Defendant could only use the confidential information for that purpose. The 2005 NDA also contained the following merger clause: "This Agreement constitutes the entire understanding between the parties hereto as to the Confidential Information and merges all prior discussions between them relating thereto." *Id*. There is no dispute that the 2005 NDA is a valid and binding agreement.

In 2006, Plaintiff provided Defendant with samples of certain security technology, including "proprietary, secret 'Blockout' technology,' which, when placed onto an image, "render[s] a print-out of the image unable to be copied or scanned." Amended Complaint [#14-3], ¶ ¶ 9-11. Defendant declined to purchase the Blockout technology. However, in August 2010, Plaintiff determined that Defendant was utilizing the same Blockout technology without Plaintiff's permission. On October 24, 2011, Plaintiff commenced this action.

The Amended Complaint purports to state two causes of action. The first cause of action is for breach of contract, referring to the 2005 NDA. The second cause of action is for misappropriation of trade secrets under New York State law, which the Court has already determined applies to the parties' dispute. The breach of contract claim alleges that the 2005 NDA "is a valid and binding contract," which Defendant breached by "using the Blockout File for its own commercial purposes." Amended Complaint ¶ ¶ 24, 28. The claim for misappropriation of trade secrets also arises from Defendant's alleged use of "the Blockout File Technology without [Plaintiff's] consent," *id*. at ¶ 33, and adds that such unauthorized use was "intentional, willful, malicious and in bad faith." *Id*. at ¶ 22..

On September 10, 2012 Defendant filed the subject motion [#30] to dismiss the misappropriation cause of action, for failure to state a claim. With respect to its application, Defendant contends that the claim is "duplicative of or precluded by Plaintiff's first cause of action" for breach of contract. Notice of Motion [#30]. In that regard, Defendant contends that Plaintiff could only maintain the misappropriation tort claim if there was either the violation of a legal duty independent of the NDA or a demand for special damages that could not be recovered under the NDA, and that Plaintiff has not pleaded either situation. *See*, Def. Memo of Law [#30-1] at p. 1 ("There can be no tort claim since Plaintiff has not alleged an independent legal duty extraneous to the NDA or the existence of special damages arising from the alleged NDA breach and unrecoverable under the NDA.").

Plaintiff responds that Defendant is incorrect in asserting that a misappropriation claim and a breach of contract claim cannot simultaneously arise from the breach of a non-disclosure agreement. Specifically, Plaintiff maintains that Defendant's contractual duty of confidence under the NDA can also create the duty of confidence required to establish the

3

tort of misappropriation of trade secret. Plaintiff argues that there was a legal duty of confidentiality owed by Defendant apart from the contract, based upon "the parties' pre-existing relationship," and alternatively, based upon " the fact that the disclosure was for the purpose of facilitating a prospective sale or license" and therefore gives rise to an independent "duty of confidence." Pl. Memo of Law [#42] at p. 6. Plaintiff further maintains that if the misappropriation claim is not dismissed, then it can seek punitive damages in connection with that claim.

On May 3, 2013, counsel for the parties appeared before the undersigned for oral argument of the motion.

DISCUSSION

Defendant has moved to dismiss under Rule 12(b)(6), and the applicable standard for such a motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative

4

level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

The subject motion involves a claim for misappropriation of trade secrets, and the elements of such a claim are clear:

> To succeed on a claim for the misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. A trade secret is any formula, pattern, device or compilation of information which is used in one's business, and which gives the owner an opportunity to obtain an advantage over competitors who do not know or use it.

*Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) (citations and internal quotation marks omitted).

As indicated above, in this action Plaintiff is attempting to assert claims for both breach of contract and the tort of misappropriation of trade secrets. Generally, "[u]nder New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual." *Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 Fed. Appx. 57, 59, 2011 WL 5966373 at *1 (2d Cir. Nov. 30, 2011). However, in certain cases a plaintiff may be able to maintain claims sounding in both contract and tort. In that regard, New York State law establishes parameters for the pleading of tort claims that arise between parties to a contract:

> Under New York law, a breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated. Such

> a legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent on the contract. Where an independent tort duty is present, a plaintiff may maintain both tort and contract claims arising out of the same allegedly wrongful conduct. If, however, the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative.

*Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (citations and internal quotation marks omitted).

In this case, Plaintiff contends that in addition to the express contractual obligations imposed by the NDA, Defendant incurred an implied duty of confidentiality either by virtue of the parties' course of dealing, or by virtue of the fact that Plaintiff disclosed the information in order to allow Defendant to decide whether to purchase the Blockout technology.

As to its "course of dealing" argument, Plaintiff cites *Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 380 F.Supp.2d 250, 266 n. 24 (S.D.N.Y. 2005) ("*Topps*"). *Topps* involved a series of licensing agreements over a period of approximately forty years between the Topps chewing gum company and Stani, a South American candy company. The licensing agreements recited that Topps was providing Stani with manufacturing and marketing technology that could not be shared with third parties. The relationship between Topps and Stani deteriorated after Stani was purchased by a third-party company, Cadbury. Topps sued Stani for breach of contract, alleging that Stani improperly disclosed Topps' technology to Cadbury, and used Topps' technology after the licensing agreement expired. Topps also sued Stani for misappropriation of trade secrets, for disclosing Topps' technology to Cadbury, "in violation of both the agreement and the parties' confidential relationship."

*Topps*, 380 F.Supp.2d at 254.  Stani moved for partial summary judgment on various grounds, but did *not* argue that the misappropriation claim was duplicative of the breach of contract claim.  Nevertheless, in dicta the district court stated that Topps' misappropriation-of-trade-secrets claim was "an independent tort," since Topps had pleaded that Stani misappropriated technology in violation of both the contract and "the parties' confidential relationship created by their course of dealing over many years." *Id*. at 266, n. 24.

However, in New York, "[a] conventional business relationship, without more, is insufficient to create a fiduciary relationship. Rather, a plaintiff must show special circumstances that transformed the parties' business relationship to a fiduciary one." *Legend Autorama, Ltd. v. Audi of America, Inc.*, 100 A.D.3d 714, 717, 954 N.Y.S.2d 141, 144 (2d Dept. 2012).  Stated differently, "[u]nder New York law, where parties deal at arm's length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances." *Asian Vegetable Research and Dev. Ctr. v. Institute of Intern. Educ.*, 944 F.Supp. 1169, 1179 (S.D.N.Y. 1996) (citation and internal quotation marks omitted).  To the extent that Plaintiff relies on *Topps* to show that the six-year business relationship between the parties in this case resulted in a confidential/fiduciary relationship, the Court disagrees, and finds both that the pertinent language in *Topps* is dicta, and that the case is factually inapposite.  More importantly, the Amended Complaint before this Court does not plausibly plead facts suggesting that the parties' seemingly unremarkable arms-length business relationship resulted in a fiduciary relationship.  Accordingly, the Court determines that the parties' general course of dealing did not create an independent tort duty.

As to Plaintiff's alternative position, that an independent duty of confidence arose because the disclosure at issue was for the purpose of facilitating a prospective sale or license, citing *Heyman* and *Speedry,* the Court also disagrees. The Court is aware of the line of cases, including *Heyman* and *Speedry*, applying New York law and holding that an implied confidential/fiduciary relationship may arise where a seller/inventor discloses a trade secret in confidence to a potential buyer/manufacturer/licensor for the sole purpose of allowing the potential buyer/manufacturer/licensor to evaluate a product. *See, Schreyer v. Casco Prods. Corp.*, 190 F.2d 921, 924 (2d Cir. 1951) (Plaintiff disclosed blueprints and other detailed design information to defendant during negotiation of a licensing agreement); *Klein v. Ekco Products Co.*, 135 N.Y.S.2d 391, 395-396 (N.Y. Sup.Ct. Kings County 1954) (Plaintiff disclosed knife prototype to defendant in connection with inquiry as to whether defendant could manufacture the knife), *aff'd*, 285 A.D. 908, 139 N.Y.S.2d 258 (2d Dept. 1955); *Laurie Visual Etudes, Inc. v. Chesebrough-Pond's Inc.*, 105 Misc.2d 413, 418-419, 432 N.Y.S.2d 457, 461 (N.Y. Sup. Ct. NY County 1980) (Inventor disclosed invention to potential licensor: "Even in the absence of any express agreement to hold the disclosed information in confidence and not to use it, the law creates in such circumstances a confidential relationship which restricted Chesebrough from utilizing the disclosure for anything other than the purpose of the disclosures themselves-here a royalty agreement or other mutually advantageous relationship.") (collecting cases), *rev'd on other grounds*, 83 A.D.2d 505, 441 N.Y.S.2d 88 (1st Dept. 1981); *777388 Ontario Ltd. v. Lencore Acoustics Corp.*, 105 F.Supp.2d 56, 64-65 (E.D.N.Y. 2000) (Manufacturer disclosed confidential technical details to its sales agent: "Plaintiffs have also sufficiently alleged a confidential

8

relationship with, or a duty on the part of Lencore since, according to the Complaint, the technical specifications were disclosed to Lencore for the sole purpose of allowing Lencore to promote its interests in the United States."); *Stewart v. World Wrestling Federation Entertainment, Inc.*, No. 03 CV 2468 RLC, 2005 WL 66890 at *4-5 (S.D.N.Y. Jan. 11, 2005) (Fashion designer shared design ideas with potential licensor: "Under New York law, a confidential relationship is synonymous with fiduciary relationship and exists generally where the parties do not deal on equal terms and one trusts and relies on the other. Courts will find a duty not to reveal confidential information only when the recipient has accepted the confidential relationship. Such a relationship may arise either explicitly by contract, or implicitly by the actions of the parties or other circumstances. ... Whether such a confidential relationship exists is ultimately a question to be determined by the trier of fact and all a plaintiff must do to withstand a motion to dismiss is allege certain facts that would create this relationship.") (*citing Klein v. Ekco Products Co.*, 135 N.Y.S.2d 391, 395-96 (N.Y.Sup.Ct.1954), other citations and internal quotation marks omitted).

These cases, though, are factually inapposite to the instant case. Most significantly, none of the parties in those cases had written confidentiality agreements. Moreover, in *Klein* and *Stewart*, the courts remarked that the parties were in unequal bargaining positions. In the instant case, the parties dealt at arms' length and had an express written confidentiality agreement covering the subject matter of the dispute. Accordingly, the Court finds that because the parties had an express agreement setting forth Defendant's duty of confidentiality, no independent implied-in-law duty arose merely because Plaintiff disclosed the Blockout Technology to Defendant in connection with a possible sale.

9

However, even assuming *arguendo* that a duty of confidentiality did arise under those circumstances, Plaintiff still cannot maintain a separate tort action, since the proposed tort claim is duplicative of the contract claim. On this point, this Court in a separate action set forth the applicable law:

> Where a fiduciary duty may be found, this claim is generally not fatally duplicative of a breach of contract claim. However, a plaintiff cannot pursue a separate breach of fiduciary duty claim based on allegations of fiduciary wrongdoing that are either expressly raised in plaintiff's breach of contract claim or encompassed within the contractual relationship by the requirement implicit in all contracts of fair dealings and good faith. <u>That is, a plaintiff may not maintain both a contract claim and a breach of fiduciary duty claim, without allegations that, apart from the terms of the contract, the parties created a relationship of higher trust than would arise from their contracts alone, so as to permit a cause of action for breach of a fiduciary duty independent of the contractual duties.</u>

*Balta v. Ayco Co., LP*, 626 F.Supp.2d 347, 360-361 (W.D.N.Y. 2009) (citing *Brooks v. Key Trust Co. Nat'l Assoc.*, 26 A.D.3d 628, 630, 809 N.Y.S.2d 270 (3d Dept. 2006), other citations and internal quotation marks omitted). In this action, the alleged separate duty of confidentiality that Defendant owed to Plaintiff is indistinguishable from the contractual duty of confidentiality owed under the NDA. "Any fiduciary duties allegedly breached by Defendant arose, expressly or impliedly, under the contract, and the parties had no relationship of trust apart from their contractual relationship." *Id*., 626 F.Supp.2d at 361; *see also, Northern Shipping Funds I, LLC v. Icon Capital Corp.*, — F.Supp.2d — , 2013 WL 440632 at *8 (S.D.N.Y. Jan. 24, 2013) ("Even if the complaint had alleged that a fiduciary duty arises from the overall course of dealing between [the parties], a conclusory allegation that the parties developed a relationship of trust and confidence apart from their contractual

relationship is insufficient to plead a fiduciary relationship and survive a motion to dismiss." (citation and internal quotation marks omitted). Accordingly, the second cause of action must be dismissed.

## CONCLUSION

Defendant's motion [#30] to dismiss the second cause of action in the Amended Complaint is granted. The action may proceed as to the first cause of action for breach of contract.

SO ORDERED.

Dated: May 9, 2013
Rochester, New York

 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge