UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOCUMENT SECURITY SYSTEMS, INC.,

                              Plaintiff,            11-CV-6528 CJS

        -v-
                                                   DECISION AND ORDER
COUPONS.COM, INC.,

                              Defendant.

APPEARANCES

For Plaintiff:          Paul F. Keneally, Esq.
                        Underberg & Kessler, LLP
                        300 Bausch & Lomb Place
                        Rochester, New York 14604

                        Timothy J. Haller, Esq.
                        Christopher J. Lee, Esq.
                        David J. Mahalek, Esq.
                        Robert A. Conley, Esq.
                        Niro, Haller & Niro
                        181 W. Madison, Suite 4600
                        Chicago, Illinois 60602

For Defendants:         Neil A. Goteiner, Esq.
                        Jessica Nall, Esq.
                        Farella, Braun and Martel LLP
                        235 Montgomery Street
                        San Francisco, California 94014

INTRODUCTION

        This was an action asserting a claim for breach of contract, relating to a commercial

non-disclosure agreement.  On October 28, 2014, the Court granted Defendant's motion

for summary judgment and dismissed the action.  The reader is presumed to be familiar

with the Decision and Order [#123] granting summary judgment.  Now before the Court is

Defendant's proposed bill of costs [#125], and Plaintiff's objections thereto.  Defendant is seeking a total of $61,622.17 in costs.

DISCUSSION

Fed. R. Civ. P. 54(d)(1) states in pertinent part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Moreover, 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

20 U.S.C.A. § 1920 (Westlaw 2015). This provision is not intended to reimburse the successful party's total litigation expenses, but instead, is intended to cover only specifically-enumerated "relatively minor, incidental expenses."[1]

With regard to the taxability of certain items of cost, the Local Rules of Civil Procedure for the Western District of New York provide further guidance. More specifically, Local Rule 54 incorporates by reference, and refers litigants to, the Court's "Guidelines for Bills of Costs," which the Court will discuss further below.

At the outset, Plaintiff contends that the Court should defer ruling on costs until the resolution of Plaintiff's appeal.[2] On this point, Local Rule 54(f) provides that, "[u]nless ordered by the District Court, or the Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 8, the filing of an appeal shall not stay the taxation of costs, entry of judgment thereon, or enforcement of the judgment." Moreover, the mere possibility that the objecting party may prevail on appeal is not a sufficient reason to defer ruling on an application for costs. *See, Sacha v. Sedita*, No. 09–CV–1119S, 2013 WL 425931 at *1

---

[1]*See, Taniguchi v. Kan Pacific Saipan, Ltd.*, — U.S. — ,132 S.Ct. 1997, 2006 (2012) ("Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts. Indeed, "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 656 (C.A.7 1981). Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." 10 WRIGHT & MILLER § 2666, at 203.")

[2]This point is now moot in any event, as the parties have now stipulated to withdraw the appeal. *See*, Docket No. [#137].

3

(W.D.N.Y. Feb. 1, 2013) (collecting cases).  Here, that is the only reason Plaintiff offers,[3] and accordingly, Plaintiff's request to defer consideration of the bill of costs is denied.

Turning to Plaintiff's objections to specific items of costs, the Court observes that Defendant is not making any claim for costs under 28 U.S.C. § 1920 subsections (5) or (6). Consequently, the issue is whether the costs that Defendant is seeking are taxable under 28 U.S.C. § 1920 subsections (1)-(4), set forth above.

<u>28 U.S.C. § 1920(1): Fees of the clerk and marshal</u>

Under this category of costs, Defendant is seeking $1,192.00 for clerk fees and $1,744.67 for fees of the Marshal for service of process.  With regard to clerk fees, Plaintiff first objects that it was unnecessary and excessive for Defendant's law firm, which is located in California, to pay for five attorneys to be admitted *pro hac vice*.  Plaintiff further objects to Defendant's request for costs relating to a messenger service's fee for obtaining certificates of good standing that were submitted to the Court in connection with *pro hac vice* admission motions.  Defendant responds that Plaintiff's objection on this point rings hollow, since Plaintiff's Chicago law firm had also had five attorneys admitted pro hace vice.  Defendant further contends that the number of attorneys for whom it paid to be admitted *pro hac vice* was reasonable in light of the complicated nature of the action. Defendant does not, however, address Plaintiff's objection concerning messenger service fees.

---

[3]*See*, Pl. Objections [#130] at p. 2 ("If DSS prevails on its appeal, Coupons' request for costs will be moot, as it will no longer be a prevailing party.").

Actually, though, the Court's "Guidelines for Bills of Costs" indicate that *pro hac vice* admission fees are not taxable as costs at all.[4]  Consequently, although Plaintiff only objected to some of Defendant's proposed *pro hac vice* fees, the Court determines that none of Defendant's *pro hac vice* admission fees and related expenses are taxable as costs.  This includes the expense of *pro hac vice* admission, expense of obtaining certificates of good standing and expense of messenger services.  Defendant's proposed costs for those items, totaling $1,192.00, are disallowed.

Plaintiff also objects to the amount that Defendant is requesting for the services of a private process server.  On this point, Plaintiff contends that such fees, charged by a private process server, cannot exceed the amount that the U.S. Marshal would have charged to serve the papers.  Defendant insists, though, that there is no such rule, and that the costs charged by the private process server were reasonable "market costs."

As to whether the requested costs are reasonable, the Court notes that Defendant is requesting reimbursement for the cost of serving document subpoenas on five companies, at a cost of $260.00 per subpoena, and the cost of serving a deposition subpoena on one individual, at a cost of $444.67.  The total amount that Defendant requests under this category is $1,744.67. The process-serving invoices are from Specialized Legal Services, Inc., ("SLS")  in San Francisco.   The invoices do not appear to be based on an hourly rate,[5] but instead, they appear to be based upon a flat rate for service, with additional charges for things such as same-day service.

---

[4]*See*, "Guidelines for Bills of Costs" at p. 13 ("The following costs are generally not taxable:  . . . 12. Admission fees for attorneys admitted *pro hac vice*.").

[5]The only exception to this is a single charge in the amount of $42.00 for "waiting time" on one of the invoices. See, Goteiner Dec. [#127]  Ex. 10.

Plaintiff contends that the requested costs are unreasonable, because they exceed the amount that the U.S. Marshal would have charged. Plaintiff is correct that in this Circuit, private process-server fees are so limited. *See, Woodard v. CSX Transp., Inc.*, No. 1:10–cv–753 (GLS), 2013 WL 6190843 at *1 (N.D.N.Y. Nov. 26, 2013) ("[T]he Second Circuit has articulated that a district court may, in its discretion, shift the cost of private process servers to the non-prevailing party, but limited to the extent that those costs do not surpass that which would have been incurred if the U.S. Marshals Service served process.") (*citing United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d Cir.1996)). Plaintiff further maintains, and Defendant has not disputed, both that when the subject subpoenas were served, the U.S. Marshal's fee for service was $55/hour, and that service would have taken the Marshal approximately one hour to complete for each subpoena. Consequently, Plaintiff's objection on this point is sustained, and Defendant's proposed costs for service of subpoenas is approved in the amount of only $330.00.

<u>28 U.S.C. § 1920(2): Fees for printed or electronically recorded transcripts necessarily obtained for use in the case</u>

Under this category of costs, Defendant is seeking $45,619.13 for printed or electronic transcripts, as well as various other costs related to the taking of the depositions. Plaintiff objects, and contends, first, that Defendant cannot recover more for deposition transcript costs from a private court-reporting service than it would have paid to an official court reporter under Judicial Conference rates.

On this point, the Court's "Guidelines for Bills of Costs," referenced earlier, states:

Court reporter fees should be reasonable, and as a guide, the Court takes into account the existing maximum rates for transcript fees for official court reporters as set by the Judicial Conference of the United States and adopted

by this Court.  The transcript fees for official court reporters are presumed reasonable and [are] listed on the Court's website, http://www.nywd.uscourts.gov.

Guidelines for Bills of Costs at p. 6.   The Court's website contains a chart entitled "Maximum Transcript Rates - All Parties Per Page."[6]

Plaintiff contends that, according to such chart, "for the deposition transcripts ordered for ordinary deliver, Coupons is entitled to no more than $4.55/page (for an original transcript and one copy of the transcript), and for the deposition transcripts ordered for expedited delivery, Coupons is entitled to recover no more than $5.75/page (for an original transcript and one copy of the transcript.)."   In response, Defendant contends that the Court is not *bound* by the Judicial Conference rates, but does not explain why the particular rates being requested are reasonable.  Consequently, the Court finds that Defendant's request for deposition costs must be reduced to the rates set forth in the aforementioned chart entitled "Maximum Transcript Rates - All Parties Per Page."

Plaintiff also objects to Defendant's request for costs, charged by the reporting services, for documents printed at depositions.  Such charges appear on the deposition transcript invoices.   Plaintiff contends that Defendant has failed to show that such copies were reasonably necessary, and contends that the copies should have been made beforehand.

In this regard, the Court's "Guidelines for Bills of Costs" indicate that "[c]osts of copies for papers obtained as exhibits in the deposition" are generally taxable.

---

[6] http://www.nywd.uscourts.gov/document-requests

Defendants' counsel avers that such copying was necessary for the defense of the action, *see*, Goteiner Decl. [#127] at ¶ 35, and Plaintiff has not pointed out any specific instance in which such copying was unnecessary. Accordingly, the Court denies Plaintiff's objection on this point.

Plaintiff next raises a number of objections to items referred to as "incidentals" by Defendants in connection with obtaining deposition transcripts. More specifically, Plaintiff objects to charges for the following items/services that appear on the deposition invoices: 1) "real time" services; 2) "postage, shipping, handling and delivery charges"; 3) "fees associated with [converting transcripts into] ASCII [format], rough transcripts, and CD Depo Litigation Packages";[7] 4) expediting charge for transcript of August 16, 2012 court appearance; 5) "attendance fees" for court reporters and increased hourly rates after 5 p.m; 6) videoconferencing fees, including fees for room and equipment rental;[8] and 7) miscellaneous costs such as "COD charges" for late payments.

With regard to these objections, the Court notes, for example, that an invoice from "Veritext Legal Solutions" for a deposition taken on October 11, 2013, includes the following "incidental" charges: 1) $311.10 for realtime services; 2) $42.50 for CD Depo Litigation Package; 3) $73.15 for "exhibits scanned -searchable OCR" and 4) $29.75 for shipping and handling.[9]   The cost for the actual transcript was $702.90, but the aforementioned "incidentals" added more than $400 to that particular invoice.

---

[7]According to the website of Veritext Legal Solutions, one of the reporting companies used by Defendant, a "CD Depo Litigation Package" consists of "an electronic version of the transcript, plus scanned exhibits." *See*, http://www.veritext.com/services/all-services/service-information

[8]Including a $450 charge for cancelling a video-conference room. *See*, Docket No. [#126] at p. 8.

[9]Docket No. [#127],  Ex. 20.

Plaintiff contends that these "incidental" costs were not reasonably necessary, but instead, were incurred merely for the convenience of Defendant's counsel. Defendant responds that Plaintiff is "quibbling" over "basic and customary services." For example, Defendant states that "real-time is ubiquitous, especially in large complex cases like this, and is necessary to make depositions as expeditious and meaningful as possible."[10]

The Court's "Guidelines for Bills of Costs" indicate that the following types of charges are generally "not taxable": "Cost of . . . expedited copy produced solely for the convenience of counsel, absent prior court approval"; "ASCII diskettes for copies of deposition transcripts"; "court reporter postage or delivery charges for a transcript"[11]; and "late fees." Such guidelines further indicate that the video depositions are generally only taxable as costs if "used at trial," i.e., "presented into the record," which none of Defendant's video depositions were.[12] On the other hand, the "Guidelines for Bills of Costs" indicate that "court reporter fees for attendance" are generally taxed as costs.

Having considered such Guidelines and the parties' arguments, the Court finds, in its discretion, that the aforementioned deposition "incidentals" are disallowed, and not taxable as reasonably-necessary costs, with the exception of court reporter attendance fees, including fees for work done after 5 p.m.

---

[10]Docket No. [#133] at p. 5.

[11]*See also*, 10 MOORE'S FEDERAL PRACTICE 3d § 54.103[3][c] (2011) ("Delivery costs for deposition transcripts are not taxable costs.").

[12]*See also*, 10 MOORE'S FEDERAL PRACTICE 3d § 54.103[3][c] (2011) ("Ordinarily, a party may not recover the costs of both transcription and videotaping in the absence of a showing that both were necessarily obtained for use in the case.").

<u>28 U.S.C. § 1920(3):  Fees and disbursements for printing</u>

Under this category of costs, Defendant is seeking $5,165.71, as set forth in Exhibits 45-52 to the Goteiner Declaration [#127].  Such printing costs fall into four categories: 1) copies printed by a third-party vendor for use by Defendant's attorneys in preparing for depositions (Exhibits 45-47 to Goteiner Decl. [#127]); 2) copies printed in-house by Defendant's law firm for use by Defendant's attorneys in preparing for depositions (Exhibit 51 to Goeteiner Decl. [#127]); 3) photocopies, binders and tabs provided by a third-party vendor for use by Defendant's counsel at oral argument on Defendant's summary judgment motion before this Court (Exhibits 48-50 to Goteiner Decl. [#127]); and 4) photocopies of exhibits, briefs and case law prepared in-house by Defendant's attorneys, during years 2011-2014, for their use in-house in defending the action. (Exhibit 52 to Goteiner Decl.).

Plaintiff contends that such expenses cannot properly be taxed as costs, since § 1920(3) over covers the cost of printing or copying of documents that "were served on the opposing party,"[13] which the subject documents were not.  Instead, Plaintiff contends, all of the aforementioned copies were for Defendant's counsel's own use.  Plaintiff indicates, however, that it is willing to be taxed one-third of the amount that Defendant has requested, that is, $1,721.91, "[a]s a matter of compromise."[14]

In response, Defendant reiterates that it is entitled to full reimbursement under 28 U.S.C. § 1920, though neither its moving brief [#126] nor its reply brief [#133] differentiate

---

[13]Docket No. [#130] at p. 10.

[14]Docket No. [#130] at p. 12.

between subsections (3) or (4).  More specifically, Defendant indicates , in pertinent part as follows:

> 28 U.S.C. § 1920 provides costs of "disbursements for printing" and "exemplification" and "making copies of any materials where the copies are necessarily obtained for use in the case."  The statute's plain language does not included any rule about delivering copies to the other side.  It does not limit costs to those incurred for materials delivered to the other side.

Docket No. [#133] at p. 6.

Defendant's proposed bill of costs lists the aforementioned printing fees under 28 U.S.C. § 1920(3). *See*, Bill of Costs.  However, the Court believes that the photocopying charges listed in Exhibits 45-52 of the Goteiner Decl. [#127] are not "printing" within the meaning of § 1920(3), but, instead, are "the costs of making copies" as listed under § 1920(4), discussed further below, which must be "necessarily obtained for use in the case." *See*, *Santana v. RCSH Operations, LLC*, No. 10–61376–CIV, 2012 WL 3779013 at *7 (S.D.Fla. Aug. 31, 2012) ("Defendant . . . seeks photocopying costs under § 1920(3), which authorizes costs for "printing." This Court, however, believes that costs for photocopies should be considered under § 1920(4), which, (unlike § 1920(3)) requires that photocopies be necessary for use in the case.").  Under that standard, the costs of copies that are made merely for a party's convenience are not taxable. *See, Regional Care Services Corp. v. Companion Life Ins. Co.*, No. CV–10–2597–PHX–LOA, 2012 WL 2260984 at *6 (D.Ariz. Jun. 15, 2012) ("[R]ecoverable copying costs do not include extra copies of filed papers, correspondence, and copies of cases if these are prepared for the convenience of the moving attorneys and in-house counsel.") (citation and internal quotation marks omitted); *see also*, *U.S. ex rel. Berglund v. Boeing Co.*, No. 03:02–cv–193–AC, 2012 WL 697140

11

at *4 (D.Or. Feb. 29, 2012) ("[R]ecoverable copying costs do not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.  Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel.") (citations omitted).

Moreover, the Court's "Guidelines for Bills of Costs" indicate that "[t]he following copy costs are not taxable":

a. Copies retained by counsel for counsel's use.

b. Copies provided to clients.

c. Costs related to preparing exhibit binders, absent prior court approval, prior agreement between the parties, or a showing of necessity.

Guidelines for Bills of Costs at p. 10.

Applying the foregoing principles, the Court finds, first, that the expenses listed on Exhibits 51-52 to the Goteiner Declaration [#127] are not taxable as costs, because they were prepared for, and retained by, Defendant's counsel for convenience.  The unspecified copies, which were made over  three-year period, were used by defendant's counsel generally, and not in connection with any particular event, such as a deposition or court appearance.

On the other hand, the Court finds that most of the expenses listed on Exhibits 45-50, pertaining to copies that were made in connection with depositions and oral argument before the Court, are properly taxable under § 1920(4) as copies that were necessarily obtained for use in the case, even though they may not have been submitted to the Court or opposing counsel.  In that regard, the Court agrees that the copies were reasonably

necessary for use by Defendant's counsel at depositions and at oral argument.  However, the charges listed for binders and tabs, on Exhibits 45, 46, 47, 48 and 50 are not properly taxable as costs, and are disallowed.

> 28 U.S.C. § 1920(4):  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily  obtained for use in the case.

Under this category of costs, which are set forth in Exhibits 53-57 to the Goteiner Declaration [#127], Defendant is seeking $7,900.66 in connection with document production during discovery in this action.  Specifically, Defendant seeks to recoup the expense purportedly incurred by Defendant's attorney's in-house staff to convert "gathered native email and other native files" into "production-image formats, such as [Tagged Image File Format] TIFF format."  Plaintiff does not maintain that this category of costs is non-taxable generally,[15] but objects that Defendant has not adequately explained the proposed costs.  For example, Plaintiff speculates that "some, if not all, of the duplicated documents at issue could have been solely for Coupons' counsel's own review."[16]  On this point, Plaintiff essentially argues that the requested expenses should only be approved if they pertain to documents that were actually produced to Plaintiff in response to a discovery demand.[17]

Defendant responds that the requested costs were actually and necessarily incurred in responding to Plaintiff's discovery demands, though Defendant cannot state with

---

[15]The Ninth Circuit recently described "

[16]Docket No. [#130] at p. 14.

[17]*See*, Docket No. [#130] at p. 14.

certainty whether every document that was converted  was actually turned over to Plaintiff as being responsive to a particular demand.[18]

The Court's "Guidelines for Bills of Costs" indicates, *inter alia*, that under 28 U.S.C. § 1920(4), "discovery related copy costs are taxable." Defendant's counsel has indicated that the native files were copied into production-image formats "[i]n order to respond to and produce documents and information requested by Plaintiff during this litigation."[19]  The Court determines that such expenses are taxable as costs.  Consequently, Plaintiff's objections on this point are denied.

## CONCLUSION

Defendant's application for a Bill of Costs is granted in part and denied in part as set forth above.  The parties are directed to settle and submit a proposed order regarding taxable costs, consistent with this Decision and Order, within fourteen (14) days of the date of this Decision and Order.

SO ORDERED.

Dated:        March 16, 2015
                 Rochester, New York

                                                    /s/ Charles J. Siragusa
                                                    CHARLES J. SIRAGUSA
                                                    United States District Judge

---

[18] *See*, Docket No. [#133] at pp. 7-8.

[19] Docket No. [#127] at ¶ 34.